Sara F. Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

F. Jay Rahimi (SBN: 305286)
jay@jrahimilaw.com
**THE LAW OFFICES OF F. JAY RAHIMI**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone: (818) 835-4005
Facsimile:(866) 543-4345

Attorneys for Plaintiff,
Arvin M. Ko.

# United States District Court
## For the Central District of California - Orange County

| | |
|---|---|
| ARVIN M. KO,<br><br>          Plaintiff,<br><br>     v.<br><br>FIRST NATIONAL BANK OF OMAHA and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to insure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. ARVIN M. KO ("Plaintiff"), by Plaintiff's attorneys, bring this complaint to challenge the actions of Defendant FIRST NATIONAL BANK OF OMAHA ("FNBO") and Defendant EXPERIAN INFORMATION SOLUTIONS, INC.

("Experian") (collectively, "Defendants") with regard to Defendants' unauthorized and unlawful credit inquiry and subsequent failure to re-investigate.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violation by Defendants was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq*.

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") and the California Consumer Credit Reporting Agencies Act. Cal. Civ. Code § 1785 *et seq.* ("CCCRAA").

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendants' contacts with this District are sufficient to subject it to personal jurisdiction, and, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

12. Plaintiff is a natural person who resides in the city of Garden Grove, Orange County, in the state of California whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is a natural individual and thus a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant FNBO is, and at all times mentioned herein was conducting business in the state of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant FNBO is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant Experian is, and at all times mentioned herein was a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e), and conducting business in the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant FNBO acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

18. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is

expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## STATUTORY BACKGROUND

19. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

20. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

21. Under the FCRA, the term "consumer report" means any written, oral or other communication of any information by a consumer reporting agency hearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

22. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

23. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless — (1) the consumer report is

obtained for a purpose for which the consumer report is authorized to be furnished under this section."

24. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff Arvin M. Ko was an individual residing within the State of California.

26. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

27. Plaintiff is informed and believes, and thereon alleges, that each Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

28. Defendant FNBO did not have consent to request a hard pull of Plaintiff's credit report.

29. Furthermore, none of the permissible purposes listed in 15 U.S.C. § 1681b apply to Plaintiff.

30. On September 21, 2016, upon review of his Experian credit report Plaintiff discovered that on or about February 17, 2015, Defendant FNBO submitted an unauthorized credit report inquiry to Defendant Experian, a credit reporting agency.

31. Plaintiff never gave Defendant FNBO permission to pull his credit report.

32. On October 6, 2016 Plaintiff disputed this unauthorized credit report inquiry by sending a dispute letter to Defendant Experian ("Dispute Letter").

/ / /

/ / /

/ / /

/ / /

/ / /

33. This Dispute Letter included Defendant's name "First National Bank of Omaha", the date of the unauthorized inquiry "February 27 2015", and further stated:

> I never gave [FNBO] permission to pull my credit report, I have never applied for credit with them, given them my social security or phone number. This is an impermissible inquiry.
>
> I demand this inquiry be removed immediately from my credit report and my credit report and score corrected to reflect this change.  If you do not remove this I demand an explanation that the account has been verified and that there was a permissible purpose.

34. This dispute letter disputing Defendant FNBO's unauthorized credit inquiry was sent via US Mail, certified, return receipt requested.

35. Sometime shortly thereafter Defendant Experian mailed Plaintiff an updated copy of Plaintiff's Experian Credit Report ("Updated Credit Report").

36. This Updated Credit Report included the results of Plaintiff's dispute.

37. This Updated Credit Report did not mention any investigation regarding Defendant's unauthorized inquiry.

38. This Updated Credit Report still included the unauthorized credit inquiry on Plaintiff's Experian credit report that Plaintiff disputed.

39. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).

40. Defendant FNBO's inquiry for Plaintiff's consumer report information, without Plaintiff's consent falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

41. Therefore, Defendant FNBO violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

42. Defendant FNBO's actions were willful under 15 U.S.C. §§ 1681n because Defendant FNBO was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

43. Plaintiff suffered an invasion of a legally protected interest when Defendant FNBO accessed his highly confidential personal information in his credit report at a time when Defendant FNBO had no right to do so, leading to an invasion of Plaintiff's right to privacy.  The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

44. Plaintiff has a common law right to keep his personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting the FCRA.  Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. §1681a(4) (emphasis added).

45. Plaintiff was affected personally because when he realized the behavior of Defendant FNBO described above (pulling their credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendant FNBO,

who had no right to Plaintiff's private information. Defendant FNBO's behavior caused Plaintiff to suffer mental and emotional distress as a result of Defendant FNBO's invasion of Plaintiff's privacy.

46. The injury suffered by Plaintiff is concrete because Defendant FNBO's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer from Defendant FNBO's invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

47. Further, Defendant FNBO increased the risk that Plaintiff will be injured if there is a data breach on Defendant FNBO's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system. Data breaches are increasingly common (see, e.g., Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Defendant FNBO are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Data Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

48. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

49. Accordingly, Defendant FNBO failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information, and failing to notate, as required, Plaintiff's dispute.

50. Upon information and belief, Defendant FNBO's investigation was unreasonable. More specifically, Defendant FNBO should have discovered from its records, including Plaintiff's formal dispute, that the information

Defendant FNBO was reporting was inaccurate and patently misleading because it suggested that Plaintiff consented to a hard pull of his consumer credit report by Defendant FNBO, when he in fact did not.

51. Defendant FNBO failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

52. Due to Defendant FNBO's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

53. By inaccurately reporting account information after notice and confirmation of its errors, Defendant FNBO failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

54. Through this conduct Defendant FNBO maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff's dispute, which led as a direct result and consequence to the Defendant Experian either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

55. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

56. Through this conduct, Defendant Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

57. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum

possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

58. Plaintiff alleges that Defendant Experian failed to conduct a proper and lawful reinvestigation.

59. All aforementioned actions taken by the Defendant Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

60. Through this conduct, Defendant FNBO violated Cal. Civ. Code § 1785.25(b) by failing to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

61. Through this conduct, Defendant FNBO violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

62. Because Defendant FNBO is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional

information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). Defendant FNBO knew or should have known that Plaintiff had paid off the alleged debt and that it was no longer in collections. Thus, Defendant FNBO violated Cal. Civ. Code § 1785.25(b).

63. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the Fair Credit Reporting Act (FCRA) expressly exempts Cal. Civ Code § 1785.25(a) from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCCRAA claim is not preempted by the FCRA.

64. As a result of Defendants' conduct, Plaintiff suffers, and continues to suffer, actual damages, including harm to his credit-worthiness, credit history, and credit scores.

## CAUSE OF ACTION
## THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1692x (FCRA)
## AS TO DEFENDANTS FNBO AND EXPERIAN

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

67. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

68. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the

court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT II
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1 ET SEQ.

### AS TO DEFENDANT FNBO

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

71. Because FNBO is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). FNBO knew or should have known that Plaintiff had paid off the alleged debt and that it was no longer in collections. Thus, Convergent violated Cal. Civ. Code § 1785.25(a) and (b).

/ / /
/ / /
/ / /
/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants as follows:

## COUNT I

### FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§1681-1692X (FCRA)

### AS TO DEFENDANTS FNBO AND EXPERIAN

72. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;

73. An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. §1681n(a)(3), against each Defendant for each incident of willful noncompliance of the FCRA.

74. Any other relief that this Court deems just and proper.

## COUNT II

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE §§ 1785 ET SEQ.

### AS TO DEFENDANT FNBO

75. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

76. An award of punitive damages of $5,000.00 pursuant to Cal. Civ. Code §1785.31(a)(2)(B).

77. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1785.31(d).

///
///
///
///

**TRIAL BY JURY**

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

Dated: January 17, 2017                     Respectfully submitted,

                                                       **THE LAW OFFICES OF F. JAY RAHIMI**

                                                      By: <u>s/ F. Jay Rahimi</u>
                                                      F. Jay Rahimi, Esq.
                                                      *Attorneys for Plaintiff*